BRADY v. LOVELL.

(City Court of New York, General Term. November 16, 1899.)

1. NOTICE OF MOTIONS.
    Under Gen. Rules Prac. No. 3, an order entered on defendant's motion should be set aside on plaintiff's application, where the order failed to recite an affidavit used by defendant in support of the motion, and was entered without notice to plaintiff's attorney.
2. SAME—PLEADING.
    Where an order is entered without notice to plaintiff's attorney as required by Gen. Rules Prac. No. 3, plaintiff's remedy is by motion to set aside, though a motion to resettle would be required if the order was irregularly entered after notice.

Appeal from special term.

Action by Fannie Brady against Frederick S. Lovell. An order was made without notice to plaintiff's attorney, and he appeals from the order and from an order denying an application to set aside the former order. Orders set aside.

Argued before FITZSIMONS, C. J., and McCARTHY and CONLAN, JJ.

Myer J. Stein, for appellant.
Durkin & Singerman, for respondent.

FITZSIMONS, C. J.   It appears that the order of August 18, 1899, entered herein, failed to recite an affidavit used by defendant upon the motion then before the court.   Said order was made and entered without notice to plaintiff's attorneys, and under rule 3, Gen. Rules Prac., such order was irregular, and upon proper application should have been set aside, with costs.   Plaintiff, in our opinion, duly applied for such relief.   (See order to show cause, dated August 23, 1899.)   Upon the hearing of the last-mentioned motion his application was denied, with costs.   (Order of August 26th.)   In our judgment, both these orders are wrong.   Plaintiff's practice in moving to set aside the order of August 18th was correct, and his application should have been granted.   If such order had been entered upon due notice to him, then, if anything was irregular about it, he might have moved to resettle; but, such order having been obtained without notice, he properly moved to have the same set aside.   See rule 3.   The orders, therefore, of August 18th and August 26th must be set aside, with $10 costs to appellant.   All concur.